UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA ANN FLEMING<br>Petitioner,<br>v.<br>FCI- DUBLIN WARDEN,<br>Respondent. | Case No. 23-cv-00017 NC (PR)<br><br>**ORDER OF TRANSFER** |

This federal habeas action, in which petitioner is challenging "the validity of [her] conviction or sentence," Dkt. No. 1 at 2, is TRANSFERRED to the United States District Court for the Southern District of Texas, as that is the district of conviction. *See* 28 U.S.C. §§ 1404(a), 2241(d); Habeas L.R. 2254-3(b).

Typically, 28 U.S.C. § 2241 is used to review the execution of a federal sentence, rather than the sentence itself. *See, e.g., United States v. Giddings,* 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). Under limited circumstances, a federal prisoner may use 28 U.S.C. § 2241 to collaterally attack a conviction or sentence. *See* 28 U.S.C. § 2255(e) (known as the "escape hatch" provision). However, this "escape hatch" only

Case No. 23-cv-000175  NC (PR)
ORDER OF TRANSFER

applies when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Here, petitioner states on the face of the petition that she is challenging "[t]he validity of [her] conviction or sentence," rather than the execution thereof. *See* Pet. at 2. As relief, she asks for her conviction to be vacated. *See id*. at 7. However, petitioner argues not that she needs to proceed under the "escape hatch," but rather that her conviction is unconstitutional based on an intervening change in the law. *See id*. at 2, 5. Accordingly, the instant petition properly should be filed before the United States District Court for the Southern District of Texas, and/or the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h)(2) (providing that a petitioner may seek permission from "the appropriate court of appeals" to file "[a] second or successive motion" for relief from conviction, based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

The Clerk is directed to transfer this matter forthwith.

**IT IS SO ORDERED.**

DATED: February 3, 2023

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 23-cv-000175 NC (PR)
ORDER OF TRANSFER